UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FIRST FRANKLIN FINANCIAL CORPORATION,

Plaintiff,

v.

HOMEOWNERS MORTGAGE CORP., CHRYSTAL LAPLUME AND MICHAEL HANSEN
Defendants.

CA 08 49S

CIVIL ACTION NO.

**COMPLAINT AND JURY CLAIM**
**INTRODUCTION AND NATURE OF THE ACTION**

**THE PARTIES**

1. Plaintiff, First Franklin Financial Corporation ("FIRST FRANKLIN"), is a Delaware corporation, with a principal place of business of 2150 North First Street, San Jose, California.

2. Defendant, Homeowners Mortgage Corp. ("HMC"), is a Rhode Island corporation, with a principal place of business of 1944 Warwick Avenue, Suite 1, Warwick, Rhode Island.

3. Upon information and belief, Defendant, Chrystal Laplume ("MS. LAPLUME"), is a resident and domiciled inhabitant of the State of Rhode Island.

4. Upon information and belief, Defendant, Michael Hansen ("MR. HANSEN"), is a resident and domiciled inhabitant of the State of Rhode Island. (MS LAPLUME and MR HANSEN may also be referred to herein collectively as "BORROWERS").

## DIVERSITY JURISDICTION

5. Diversity jurisdiction exists under 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. Venue in this Court is proper pursuant to 28 U.S.C. §1391(a)(2) inasmuch as a substantial part of the events or omissions giving rise to the claim occurred within the District of Rhode Island.

## FACTS

7. On or about December 3, 2004, FIRST FRANKLIN and HMC entered into a Mortgage Broker Agreement ("Agreement"). (A true and correct copy of this Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.)

8. Pursuant to the Agreement, HMC was permitted to submit to FIRST FRANKLIN applications for loans on behalf of BORROWERS whom HMC was assisting in obtaining loans.

9. The Agreement provides, *inter alia*, the following affirmative obligations of HMC:

a. HMC was required to "properly prepare and furnish to First Franklin in the form required, such items or documents as First Franklin may require" with every application submitted to FIRST FRANKLIN. (Section 3.01(a));

b. HMC "will make such investigations and inquiries to verify the truthfulness and completeness of all information relating to the Borrower's creditworthiness and collateral submitted in connection with an application for a Loan." (Section 3.10(b)); and

c. "If at any time during the period between the submission of the Loan application and the closing and funding of the Loan, [HMC] learns, or has reason to believe, that any of its representations and warranties may cease to be true, [HMC] shall immediately give written notice thereof to First Franklin." (Section 3.10(b)).

10. In addition to other warranties and representations, not expressly pleaded in this paragraph of the Complaint, the Agreement contains the following with respect to HMC's warranties and representations:

a. HMC "warrants and represents that as of the date the Loan is closed and funded by First Franklin all such information is true, accurate and complete and that [HMC] will not omit any material information." (Section 3.01(b));

b. HMC "represents, warrants and covenants that it has no adverse information or documentation concerning any Borrower which it has not communicated to First Franklin and that all documents or instruments prepared or submitted by [HMC] in connection with such Loans will be valid and genuine in every respect." (Section 3.01(b)); and

c. "[HMC] acknowledges that this warranty shall be deemed to have been relied upon by First Franklin regardless of whether First Franklin had the opportunity to or did independently verify or investigate any of the information submitted by [HMC] at any time, whether prior to Loan funding or thereafter, unless First Franklin determined that the information at issue

was not true, accurate or complete prior to funding the Loan." (Section 3.01(b)).

11. The Agreement requires that HMC indemnify FIRST FRANKLIN for any and all loss and damage, including attorney's fees (Section 2.02) sustained by FIRST FRANKLIN as a result of HMC's breach of its covenants, warranties and representations.

12. On October 4, 2006, the BORROWERS completed and signed, with the assistance of HMC, two (2) Uniform Residential Loan Applications ("Loan Applications") for the purpose of procuring loans to purchase the Subject Property. The Loan Applications for the first and second loans contained identical information about the BORROWERS. (True and correct copies of the Loan Applications are attached hereto as **Exhibit B** and incorporated herein by reference.)

13. The loan was obtained by the BORROWERS for the purpose of purchasing the residential property located at 42 Coin Street, Warwick, Rhode Island (the "Subject Property").

14. The first loan was in the amount of $199,920.00 ("Subject Loan") and the second loan was in the amount of $49,980.00 ("Secondary Loan").

15. The Loan Applications contained the following statements and representations:

a. MS. LAPLUME was employed as a Clerk with the Salvation Army and her income was $3500.00 per month;

b. MR. HANSEN was employed as a salesman with Trade Source and his income was $2,200.00 per month.

16. The Loan Applications were executed by the BORROWERS and submitted by HMC and the BORROWERS to FIRST FRANKLIN for the purposes of obtaining the financing to purchase the Subject Property.

17. The Loan Applications grossly overstated the BORROWERS' income.

18. The Loan Applications incorrectly stated the BORROWERS' employment status.

19. HMC did not advise FIRST FRANKLIN, prior to the funding of the Subject Loans, that any of the information provided in the Loan Applications was not true, in accurate or in complete.

20. The BORROWERS did not advise FIRST FRANKLIN, prior to the funding of the Subject Loans, that any of the information provided in the Loan Applications was not true, in accurate or in complete.

21. FIRST FRANKLIN relied upon the BORROWERS' representations that the employment and income information they stated in the Loan Applications did not contain any material misrepresentations.

22. FIRST FRANKLIN relied upon HMC's representations that the Loan Applications did not contain any material misrepresentations, the Loans were of suitable investment quality and that HMC had verified the information contained in the Loan Applications, specifically with respect to the BORROWERS' income and employment information.

23. Based on the statements and representations made in the Loan Applications, which were submitted by HMC and the BORROWERS to FIRST FRANKLIN, FIRST FRANKLIN funded the Subject Loan and Secondary Loan.

24. FIRST FRANKLIN sold the Subject Loan in the secondary mortgage market to

Merrill Lynch on or about November 30, 2006.

25. The BORROWERS did not make any of the scheduled payments on the Subject Loan.

26. Due to the failure of the BORROWERS to make any payments pursuant to the terms of the Subject Loan, Merrill Lynch demanded that FIRST FRANKLIN repurchase the Subject Loan and FIRST FRANKLIN repurchased the Subject Loan on or about March 23, 2007.

27. Thereafter, in order to mitigate its damages and potential losses, FIRST FRANKLIN sold the Subject Loan in a distress sale.

28. As the result of the distress sale, FRST FRANKLIN, incurred additional costs and lost the benefit of its bargain and ultimately has sustained a loss in the amount of $74,701.45 (not including attorneys' fees and expenses incurred to recover the loss).

29. On or about March 19, 2007, FIRST FRANKLIN received a signed Wage Verification form from Salvation Army which indicated that MS. LAPLUME had resigned from this employment on September 26, 2006 and that her income was $1,230.00 per month.

30. On or about March 15, 2007, FIRST FRANKLIN received a signed Wage Verification form from Trade Source which indicated that MR. HANSEN had ceased working for this company on September 28, 2006 and that his income was $1,733,00 per month.

31. On or about May 23, 2007, FIRST FRANKLIN made demand upon HMC to reimburse and indemnify FIRST FRANKLIN for the amount of loss sustained by FIRST FRANKLIN.

32. On or about May 23, 2007, FIRST FRANLIN made demand upon the BORROWERS to reimburse FIRST FRANKLIN for the amount of loss sustained by FIRST FRANKLIN due to their material misrepresentations.

33. HMC has not made any payments to FIRST FRANKLIN on the Subject Loan, or made any payments to FIRST FRANKLIN to reimburse it for its losses, and HMC has not agreed to indemnify FIRST FRANKLIN for its losses.

34. The BORROWERS have not made any payments to FIRST FRANKLIN on the Subject Loan, or made any payments to FIRST FRANKLIN for its losses.

**COUNT I**

**(Breach of Contract v. HMC)**

35. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. The financial ability of the BORROWERS to repay the Subject Loan, including representations relative to their income and employment, which HMC submitted in the Loan Applications in order to qualify for the Subject Loan, was misrepresented by HMC in violation of the terms of the Agreement.

37. HMC failed to "make such investigations and inquiries to verify the truthfulness and completeness of all information relating to [BORROWERS'] creditworthiness" in violation of the terms of the Agreement.

38. FIRST FRANKLIN has performed all of the terms and conditions of the Agreement.

39. As the direct and proximate result of HMC's breach of the Agreement, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, plus reasonable attorney's fees

and expenses incurred which damages are of such a nature that they were reasonably foreseeable by the parties and followed as a natural consequence and proximate result of the breach or were actually within their contemplation at the time the Agreement was entered into.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against HOMEOWNERS MORTGAGE CORP., in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

**COUNT II**

**(Negligent Misrepresentation v. HMC)**

40. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. HMC submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to the BORROWERS' income and ability to repay the Subject Loan, the truth of which HMC was reasonably capable of ascertaining.

42. HMC submitted the false statements to FIRST FRANKLIN to induce FIRST FRANKLIN to act thereon and fund the Subject Loan and FIRST FRANKLIN reasonably and justifiably relied to its detriment upon HMC's representations as being true.

43. As the direct and proximate result of HMC's misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against HOMEOWNERS MORTGAGE CORP., in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

**COUNT III**

**(Intentional Misrepresentation v. HMC)**

44. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. HMC submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to the BORROWERS' employment status and income, which HMC knew were untrue and/or which HMC submitted to FIRST FRANKLIN with reckless disregard for whether they were true.

46. HMC's actions were intended to induce FIRST FRANKLIN to act thereon and fund the Subject Loan.

47. FIRST FRANKLIN reasonably and justifiably relied to its detriment upon HMC's representations as being true.

48. As the direct and proximate result of HMC's misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, including the loss of the benefit of its bargain, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against HOMEOWNERS MORTGAGE CORP., in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

## COUNT IV

### (Fraudulent Misrepresentation and Deceit v. HMC)

49. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. HMC submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to the BORROWERS' employment status and income, which HMC knew were untrue and/or which HMC submitted to FIRST FRANKLIN without having any basis for making such representations.

51. HMC intended to induce FIRST FRANKLIN to act thereon and fund the Subject Loan and FIRST FRANKLIN reasonably and justifiably relied to its detriment upon HMC's representations as being true.

52. As the direct and proximate result of HMC's fraudulent misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, including the loss of the benefit of its bargain, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against HOMEOWNERS MORTGAGE CORP., in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

**COUNT V**

**(Breach of Fiduciary Duty v. HMC)**

53. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. HMC owed a fiduciary duty to FIRST FRANKLIN based on the relationship between HMC and FIRST FRANKLIN wherein FIRST FRANKLIN reposed faith, confidence, and trust in HMC's judgment and advice in order to enter into loan agreements with BORROWERS, including the Subject Loan.

55. HMC knew that FIRST FRANKLIN relied upon HMC's services in making its decisions about entering into loans, including the Subject Loan.

56. HMC breached its fiduciary duty it owed to FIRST FRANKLIN by submitting the Loan Applications containing material and fraudulent misrepresentations, and failing to take any

action to ascertain whether the statements contained in the Loan Applications were true and accurate, knowing that FIRST FRANKLIN would rely on HMC in making its decision to enter into the Subject Loan.

57. As the direct and proximate result of HMC's breach of its fiduciary duty, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, including the loss of the benefit of its bargain, plus reasonable attorney's fees and expenses incurred.

58. HMC engaged in further unfair and deceptive acts and practices due to the breach of its covenant of good faith and fair dealing in failing to respond to FIRST FRANKLIN's demands for indemnity under the Agreement and failing to respond to FIRST FRANKLIN's inquiries and requests relative to resolving the loss and indemnifying FIRST FRANKLIN.

59. HMC's conduct was committed willfully and/or knowingly such that FIRST FRANKLIN is entitled to recover multiple damages and attorneys' fees incurred in this action.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against HOMEOWNERS MORTGAGE CORP., in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

## COUNT VII

**(Indemnification v. HMC)**

60. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 59, inclusive, as though fully set forth herein.

61. FIRST FRANKLIN has sustained a loss resulting from HMC's breach of its covenants, warranties and representations arising under the Agreement relative to the Loan Applications and the Subject Loan.

62. Pursuant to the express terms of the Agreement, FIRST FRANKLIN is entitled to indemnification from HMC for all losses sustained, including all attorneys' fees, costs and expenses incurred in recovering its loss incurred in this action.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against HOMEOWNERS MORTGAGE CORP., in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

## COUNT VIII

**(Negligent Misrepresentation v. Ms. Laplume)**

63. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 62, inclusive, as though fully set forth herein.

64. MS. LAPLUME submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to her employment status and income.

65. MS. LAPLUME submitted the false statements to FIRST FRANKLIN to induce FIRST FRANKLIN to act thereon and fund the Subject Loan and FIRST FRANKLIN reasonably and justifiably relied to its detriment upon her representations as being true.

66. As the direct and proximate result of MS. LAPLUME's misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against CRYSTAL LAPLUME in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain;

d. Award FIRST FRANKLIN attorney fees pursuant to R.I. Gen. Laws §9-1-45.

e. Grant such other and further relief as the Court deems just and proper.

## COUNT IX

## (Intentional Misrepresentation v. Ms. Laplume)

67. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 66, inclusive, as though fully set forth herein.

68. MS. LAPLUME knowingly submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to her employment status and income,

which she knew were untrue and/or which she submitted to FIRST FRANKLIN with reckless disregard for whether they were true.

69. MS. LAPLUME's actions were intended to induce FIRST FRANKLIN to act thereon and fund the Subject Loan.

70. FIRST FRANKLIN reasonably and justifiably relied to its detriment upon MS. LAPLUME's representations as being true.

71. As the direct and proximate result of HMC's misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, including the loss of the benefit of its bargain, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against CRYSTAL LAPLUME in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain;

d. Award FIRST FRANKLIN attorney fees pursuant to R.I. Gen. Laws §9-1-45; and

e. Grant such other and further relief as the Court deems just and proper.

**COUNT X**

**(Fraudulent Misrepresentation and Deceit v. Ms. Laplume)**

72. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 71, inclusive, as though fully set forth herein.

73. MS. LAPLUME knowingly submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to her employment status and income,

which she knew were untrue and/or which she submitted to FIRST FRANKLIN without having any basis for making such representations.

74. MS. LAPLUME intended to induce FIRST FRANKLIN to act thereon and fund the Subject Loan and FIRST FRANKLIN reasonably and justifiably relied to its detriment upon her representations as being true.

75. As the direct and proximate result of MS. LAPLUME's fraudulent misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, including the loss of the benefit of its bargain, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against CRYSTAL LAPLUME in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

**COUNT XI**

**(Negligent Misrepresentation v. Mr. Hansen)**

76. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 75, inclusive, as though fully set forth herein.

77. MR. HANSEN knowingly submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to his employment status and income.

78. MR. HANSEN submitted the false statements to FIRST FRANKLIN to induce FIRST FRANKLIN to act thereon and fund the Subject Loan and FIRST FRANKLIN reasonably and justifiably relied to its detriment upon his representations as being true.

79. As the direct and proximate result of MR. HANSEN's misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against MICHAEL HANSEN in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

**COUNT XII**

**(Intentional Misrepresentation v. Mr. Hansen)**

80. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 81, inclusive, as though fully set forth herein.

81. MR. HANSEN submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to his employment status and income, which he knew was untrue and/or which he submitted to FIRST FRANKLIN with reckless disregard for whether they were true.

82. MR. HANSEN's actions were intended to induce FIRST FRANKLIN to act thereon and fund the Subject Loan.

83. FIRST FRANKLIN reasonably and justifiably relied to its detriment upon MR. HANSEN's representations as being true.

84. As the direct and proximate result of MR. HANSEN's misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, including the loss of the benefit of its bargain, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against MICHAEL HANSEN in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

**COUNT XIII**

**(Fraudulent Misrepresentation and Deceit v. Mr. Hansen)**

85. FIRST FRANKLIN repeats, re-alleges, and incorporates herein by reference, the allegations set forth in Paragraphs 1 through 84, inclusive, as though fully set forth herein.

86. MR. HANSEN knowingly submitted to FIRST FRANKLIN the Loan Applications containing false statements of fact relative to his employment status and income, which he knew was untrue and/or which he submitted to FIRST FRANKLIN without having any basis for making such representations.

87. MR. HANSEN intended to induce FIRST FRANKLIN to act thereon and fund the Subject Loan and FIRST FRANKLIN reasonably and justifiably relied to its detriment upon his representations as being true.

88. As the direct and proximate result of MR. HANSEN's fraudulent misrepresentations, FIRST FRANKLIN has sustained a loss in the amount of $74,701.45, including the loss of the benefit of its bargain, plus reasonable attorney's fees and expenses incurred.

WHEREFORE, FIRST FRANKLIN, respectfully requests that the Court:

a. Enter Judgment in favor of FIRST FRANKLIN against MICHAEL HANSEN in an amount sufficient to confer jurisdiction upon this Honorable Court;

b. Award FIRST FRANKLIN damages in the amount of $74,701.45, plus attorney's fees, costs and expenses incurred in its efforts to recover its losses;

c. Award FIRST FRANKLIN damages in an amount to be determined at trial to compensate FIRST FRANKLIN for the loss of the benefit of its bargain; and

d. Grant such other and further relief as the Court deems just and proper.

**COUNT XIV**

**(Punitive Damages)**

89. The Plaintiff re-alleges and incorporates Paragraph 1 through 88 of this Complaint contained inclusive as if fully set forth herein.

90. The Defendants actions alleged herein were committed willfully, maliciously, intentionally and with the express purpose of injuring FIRST FRANKLIN, warranting an award of punitive damages against, and payable by, each Defendant.

WHEREFORE, the Plaintiff demands a Judgment against the Defendants, jointly and severally, in an amount sufficient to invoke the jurisdiction of this Honorable Court, together with interest, costs, attorneys' fees and any other relief which this Court deems appropriate.

**FIRST FRANKLIN HEREBY DEMANDS A TRIAL BY JURY AND DESIGNATES THOMAS R. RICCI AS TRIAL ATTORNEY**

Respectfully submitted,

**PLAINTIFF, FIRST FRANKLIN FINANCIAL CORPORATION**
By its attorney,

Thomas R. Ricci, #4165
FITZHUGH & MARIANI, LLP
303 Jefferson Blvd
Warwick, RI 02888
401-739-2330

Date: 2/12/08