UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FIRST FRANKLIN FINANCIAL CORPORATION,

Plaintiff,

v.

HOMEOWNERS MORTGAGE CORP., CHRYSTAL LAPLUME AND MICHAEL HANSEN
Defendants.

CIVIL ACTION NO. 08-49S

**PLAINTIFF'S, FIRST FRANKLIN FINANCIAL CORPORATION, PRE-TRIAL CONFERENCE STATEMENT**

Now comes the Plaintiff, First Franklin Financial Corporation, and hereby provides the following information in accordance with LR Cv 16(b). This matter arises out of an alleged breach of contract on the part of Defendant, Homewoners Mortgage Corp. ("HMC"), Chrystal LaPlume ("Ms. LaPlume") and Michael Hansen ("Mr. Hansen"). Further, the Complaint alleges that all Defendants intentionally or negligently misrepresented certain information contained within a mortgage application. Lastly, the Complaint alleges that all the Defendants committed fraud and/or deceipt by providing or failing to verify certain false income information regarding Ms. LaPlume and Mr. Hansen.

The Summons and Complaint were served on Ms. LaPlume on March 18, 2008. The Summons and Complaint were served on Mr. Hansen on March 22, 2008. An Entry of Default was entered against Ms. LaPlume and Mr. Hansen on May 16, 2008. The Plaintiff is in the process of preparing and filing a Motion for Entry of Judgment by Default against Ms. LaPlume and Mr. Hansen.

The Plaintiff alleges that on December 3, 2004 it entered into a Mortgage Broker Agreement ("Agreement") with HMC. Essentially, the Agreement was a contract between the Plaintiff and HMC outlining the parameters of HMC's submitting mortgage applications to the Plaintiff for funding. HMC made certain warranties and representations under the terms of the Agreement, which, among other things, included an affirmative obligation to investigate and confirm the accuracy of the information contained within a mortgage application submitted by HMC to the Plaintiff. This contractual obligation was to be complied with by HMC "during the period between the submission of a loan application and the closing and funding of the loan..."

On October 4, 2006, Ms. LaPlume and Mr. Hansen completed and signed, along with the assistance of HMC, two loan applications for the purpose of obtaining funding from the Plaintiff to purchase certain real estate in Warwick, Rhode Island. The loan applications contained employment and income information regarding Ms. LaPlume and Mr. Hansen. The Plaintiff alleges that the employment history and income information submitted by Ms. LaPlume and Mr. Hansen, with the assistance of

HMC, was either intentionally or negligently misrepresented to the Plaintiff. The Plaintiff asserts that based on this inaccurate information, the loans were approved and funded by the Plaintiff.

The loans were then sold by the Plaintiff on the secondary mortgage market to Merrill Lynch on November 30, 2006. On March 23, 2007 the Plaintiff was required to repurchase the loans from Merrill Lynch due to the fact that Ms. LaPlume and Mr. Hansen failed to make any payments under the terms of the loan.

The Plaintiff alleges that HMC breached the terms of the contract by failing to properly investigate and verify the employment history and income of Ms. LaPlume and Mr. Hansen. The agreement clearly required HMC to verify this type of information before submitting same to the Plaintiff. Proper investigation determined that Ms. LaPlume and Mr. Hansen had grossly overstated their income and that each incorrectly stated her or his employment status. Consequently, the Plaintiff alleges that HMC breached the terms of the agreement by failing to make an investigation and/or inquiries to verify the truthfulness and completeness of Ms. LaPlume and Mr. Hansen's creditworthiness. The claims against Ms. LaPlume and Mr. Hansen are based on their failure to accurately report income and employment information.

As a consequence of having to repurchase the loan from the secondary mortgage market, the Plaintiff has incurred damages in the amount of $74,701.45. Further, the Plaintiff has incurred counsel fees and costs for having to prosecute this claim. The contract with the Defendants provides for the recovery of attorneys' fees in the event that HMC breaches the terms of the agreement.

Plaintiff,
FIRST FRANKLIN FINANCIAL CORPORATION,
By Its Attorney,

______________________________

Timothy J. Robenhymer, #4419
FITZHUGH & MARIANI, LLP
303 Jefferson Boulevard
Warwick, RI 02888
(401) 739-2330 Telephone

**CERTIFICATION**

I, the undersigned, hereby certify that on the 18th day of June, 2008, I have forwarded a true copy of the within document, by regular mail, postage prepaid, to:

Kevin M. Daley, #4944
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886

______________________________